# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7910 | **DATE** | 10-15-12 |
| **CASE TITLE** | U.S. ex rel. Moses Phillips (#M-05907) vs. Warden Michael P. Atchison | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. The petitioner's request to hold this case in abeyance is granted. The case is stayed pending disposition of the petition currently pending in the state court system. The respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted. The petitioner's motion for appointment of counsel [#4] is denied as premature. The petitioner is directed to file a status report by January 1, 2013, concerning the progress of the state court proceedings.

■ [For further details see text below.]

*Suzanne B. Conlon*

Docketing to mail notices.

## STATEMENT

Moses Phillips, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for murder and attempted murder on the grounds that: (1) the police illegally arrested him; (2) his defense attorney was ineffective in multiple respects; (3) the evidence did not establish the petitioner's guilt beyond a reasonable doubt; and (4) the prosecution engaged in misconduct.

The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Although the petitioner has paid the statutory filing fee, his i.f.p. status may affect such future considerations as his eligibility for court-appointed counsel.

The petitioner appears to have filed this suit in a timely manner, but concedes that he has not exhausted state court remedies as to all of the claims raised in his habeas petition. He requests that this case be held in abeyance pending resolution of a petition for relief from criminal judgment he has filed in state court and concerning which he is awaiting ruling. The petitioner presumably filed his federal habeas petition now in order to preserve his right to federal review of his conviction. The request is granted. This case is stayed pending disposition of the ongoing post-conviction proceedings. The petitioner is directed to file a status report by January 1, 2013, notifying the court as to the posture of the state court case.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The respondent need only enter an appearance at this time. The respondent will be directed to answer the petition or otherwise plead after the case stay has been lifted. This preliminary order does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

Finally, the petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.

*Suzanne B. Conlon*