UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOSES PHILLIPS, | |
| Petitioner, | No. 12 C 7910 |
| v. | Judge Thomas M. Durkin |
| SHERWIN MILES, ACTING WARDEN, STATEVILLE CORRECTIONAL CENTER, | |
| Respondent. | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Moses Phillips is serving a 75-year prison sentence. He filed a petition for a writ of habeas corpus on October 2, 2012. R. 1.[1] The Court granted a stay of the proceedings on October 15, 2012, while Phillips was litigating in state court. He now seeks a second stay of his case to pursue more claims in state court. That motion is denied.

**Background**

Phillips was convicted of first-degree murder in 2009. Before his trial, four witnesses identified him as the shooter from police lineups, and three of those witnesses later confirmed their identifications in police interviews and grand jury testimony. At Phillips's trial, only one of those witnesses identified him as the shooter. The other three denied their previous identifications.

---

[1] Phillips is now at Pontiac Correctional Center, and both parties have appropriately identified Leonta Jackson, Warden at Pontiac, as the new Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he proper respondent is the warden of the facility where the prisoner is being held.").

1

Phillips's convictions and sentences were affirmed on direct review. R. 35-1, 35-6. He filed a petition for relief from judgment in state court under 735 ILCS 5/2-1401. He then filed his habeas petition in this Court, *pro se*, on October 2, 2012, while his section 2-1401 petition was still pending. The Court stayed the habeas proceedings on October 15, 2012, pending the conclusion of the section 2-1401 proceedings in state court. *See* R. 35-8 (denial of Phillips's petition in Cook County Circuit Court); 2015 IL App (1st) 131010-U (denial affirmed on direct appeal). The state court proceedings concluded in January 2017, when the Illinois Supreme Court denied discretionary review of the denial of Phillips's petition. 77 N.E.3d 84 (Ill. 2017).

Respondent answered Philips's habeas petition, at the direction of the Court, on August 6, 2019. R. 34. After a few continuances, Phillips was ordered to reply by May 18, 2021. R. 49. Rather than replying, and now with the assistance of counsel, he filed a motion for another stay of this case pending the possibility of an actual innocence proceeding in state court. R. 50.

## Analysis

Phillips raises the following claims in his habeas petition: (1) his arrest violated the Fourth Amendment; (2) his trial counsel was ineffective for failing to: move to quash his arrest, investigate key facts and potential alibis, object to parts of Detective Halloran's testimony, object to the admissibility of the witnesses' prior statements, object to the admissibility of other crimes, and allow Phillips to testify at trial; (3) the evidence was insufficient to sustain a conviction; (4) the prosecution improperly referred to his tattoos and motive in closing arguments; (5) the trial court

failed to comply with Illinois Supreme Court Rule 431(b); (6) the cumulative errors in these claims denied him his right to a fair trial; and (7) his counsel on direct appeal was ineffective for failing to raise some of the above claims. R. 1.

He now wishes to return to state court to pursue an actual innocence claim. He refers to the actual innocence claim as a "contemplated filing in State court relative to anticipated claims that are not specifically raised in this pro se habeas filing." R. 50, at 3. The Seventh Circuit has held that district courts should stay habeas proceedings when good cause is shown and the claims are not plainly meritless. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

## I. Good Cause

Phillips is required to show he had good cause for his failure to exhaust an actual innocence claim in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Other than stating "petitioner suggests there is good cause," R. 50 at 3, Phillips is silent as to why he failed to raise an actual innocence claim in the many years his case has been stayed in this Court. Instead, Phillips appears to confuse the good cause requirement with a "showing of good faith" standard and argues he has now retained a private investigator "to begin to seek and locate" witnesses who testified at his trial. R. 13. This argument has no bearing on why Phillips failed to raise an actual innocence claim before now, and there is no indication he has filed anything in state court.[2]

---

[2] Phillips's reply in support of his motion to stay asks the Court for leniency because he filed his petition *pro se*. But the Court is not taking issue with Phillips's habeas petition, which it has yet to decide on the merits (because he has not filed a reply).

3

## II. Plainly Meritless

Not only has Phillips failed to show good cause, but the evidence he raises does not support an actual innocence claim. Rather, his arguments support his claims of insufficiency of the evidence or ineffective assistance of counsel—both of which are plead in his habeas petition and have been exhausted in state court.

A claim of actual innocence requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Phillips does not argue he has a cognizable actual innocence claim. He argues that three of the four witnesses who testified at trial denied previously identifying him as the shooter, and that they "could conceivably" have "unclear or unknown reasons" for disavowing their prior statements to police and the grand jury. R. 50, at 12. He does not claim anything they would say would lead to evidence that he is actually innocent—he does not even contend that he knows what they would say if interviewed. A desire to interview trial witnesses, whose testimony has been known to Philips since his 2009 trial, is not new evidence, and Phillips makes no argument that such interviews would lead to evidence of his innocence.[3]

---

The deficiencies leading to the Court's denial of the motion to stay are in the motion to stay itself, for which Phillips is represented by counsel.

[3] Additionally, none of Phillips's arguments have been developed at all, at least at the time he filed his motion for a stay, because the private investigator was apparently still "locat[ing] and interview[ing] witnesses" and the investigation is "far from over." R. 57 at 1.

Next, Phillips argues he recently learned that his trial attorney has been suspended from the practice of law for misconduct in various cases and for the misuse of alcohol. The disciplinary proceedings Phillips refers to took place from 2014 to 2016. R. 50, at 6, 10. Phillips had counsel during this period for his section 2-1401 proceedings and makes no argument as to why he did not discover the disciplinary proceedings until now. Regardless, none of the cases for which his prior attorney was disciplined are related to Phillips's case, and this argument goes directly to his ineffective assistance of counsel claims, not a claim of actual innocence.

Similarly, Phillips argues Detective Halloran, who played a large part in Phillips's case, has at least 53 allegations of police misconduct against him. R. 50, at 11. He does not in any way connect the allegations against Halloran to his own actual innocence, and an officer's misconduct in other cases is not evidence of such. *See, e.g., Watkins v. Hammers*, 2015 WL 5675605, at *9-10 (N.D. Ill. Sept. 24, 2015) (denying a stay of habeas proceedings because evidence that detectives coerced suspects in other cases was not evidence of petitioner's actual innocence); *Lenoir v. Williams*, 2015 WL 684743, at *9 (N.D. Ill. Feb. 17, 2015) (report that the detective involved in petitioner's case coerced a confession in another case was not evidence of petitioner's actual innocence because it was "a step removed from evidence pertaining to the crime itself").

Phillips's actual innocence claim is plainly meritless. At this point, he has only presented speculation as to what may come from an investigation. Speculation about potential evidence is insufficient for a claim of actual innocence. *See McQuiggin v.*

5

*Perkins*, 133 S. Ct. 1924, 1936 (2013) (noting that the standard is demanding). This case is over nine years old, and the Court granted a stay for over five of those years for Phillips to litigate his state court claims. There is nothing in the instant motion that warrants another stay.

## Conclusion

Phillips's motion to stay, R. 50, is denied. Phillips is ordered to file a reply in support of his habeas petition by April 21, 2022.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: March 21, 2022